UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Charles Chandler,

    Petitioner,

    v.                                    Civil Action No. 5:16-cv-199-gwc-jmc

State of Vermont and
William Sorrell,

    Respondents.

## REPORT AND RECOMMENDATION
(Doc. 5)

    Petitioner Charles Chandler, proceeding through counsel, has filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus to vacate his 2009 conviction for impeding a public officer, a felony, in violation of 13 V.S.A. § 3001. (Doc. 1.) After a jury trial, Chandler was sentenced to a 29- to 30-day term of imprisonment, which he completed in 2011, with no supervision to follow. In his Petition, Chandler contends that he received ineffective assistance of counsel at his trial. (*Id.* at 3–7.)

    Presently pending before the Court is a Motion to Dismiss for Lack of Jurisdiction filed by Respondents, the State of Vermont and Vermont Attorney General William Sorrell. (Doc. 5.) Respondents contend the Court lacks jurisdiction because Chandler is no longer in custody. For the following reasons, I recommend that the Motion to Dismiss be GRANTED.

## Background

### I. The Conviction and Sentence

Chandler was arrested on March 30, 2006, and charged in Vermont Superior Court, Windham Criminal Division, with impeding a public officer, in violation of 13 V.S.A. § 3001.[1]  The Vermont Supreme Court later described the offense conduct as follows:

> On March 30, 2006, a member of the Newbrook Fire Department, a volunteer member-owned fire department that covers the Town of Newfane, became aware of a reported brush fire on [Chandler's] property. After consulting the fire warden, three members of the Department went to [Chandler's] property to investigate.  Upon their arrival, they decided to extinguish the fire because no permit had been given for a brush fire, and they believed the fire posed a potential hazard.  A confrontation ensued between the firefighters and [Chandler] and [Chandler's] brother, culminating in [Chandler] grabbing one of the firefighters by the arm and walking him off his property.  The firefighters waited across the street for the fire chief.  When he arrived, the chief decided that the fire needed to be extinguished.  He called the district fire warden to determine whether they should pursue the matter or leave.  The fire warden arrived at the scene and tried to explain to [Chandler] that the fire had to be extinguished. [Chandler] resisted, however, claiming that it was a campfire, not a brush fire.  Eventually, a deputy sheriff arrived and cited [Chandler] for impeding an officer.

*State v. Chandler*, No. 2010-135, 2011 WL 4974829, at *1 (Vt. Jan. 27, 2011).  Chandler was convicted of the charged offense, after a three-day jury trial on November 20, 2009. (Doc. 1 at 1.); *See In re Chandler*, 2013 VT 10, ¶ 2, 193 Vt. 246, 67 A.3d 261.  On March 30, 2010, Chandler was sentenced to 29 to 30 days in jail.  *In re Chandler*, 2013 VT 10, ¶ 2.

---

[1] 13 V.S.A. § 3001(a) provides as follows: "A person who hinders an executive, judicial, law enforcement, civil or military officer acting under the authority of this state or any subdivision thereof . . . shall be imprisoned not more than three years or fined not more than $500.00, or both."

## II.     Post-conviction Proceedings

Numerous post-conviction proceedings followed the jury's verdict. Chandler initially requested a stay of his sentence pending direct appeal, but the trial court denied the request. *Id.* Thereafter, Chandler sought a stay of execution of his sentence pursuant to Vermont Rule of Criminal Procedure 38(b). *Id.* That motion was also denied, and Chandler appealed to the Vermont Supreme Court. *State v. Chandler*, No. 2010-135, 2010 WL 7799086, at *1 (Vt. Apr. 12, 2010). The Supreme Court reversed the Superior Court's denial of the stay pending appeal, reasoning that, "[]without a stay[,] the full sentence imposed would undoubtedly be served before [Chandler's] appeal could be resolved on the merits." *Id.* As a result, after having already served 14 days ("nearly half of his full sentence") in prison, Chandler was released pending his appeal. *In re Chandler*, 2013 VT 10, ¶ 2.

The Vermont Supreme Court affirmed Chandler's conviction on January 27, 2011. *Id.* ¶ 3 (citing *State v. Chandler*, 2011 WL 4974829, at *1). On March 11, 2011, prior to reporting to serve the remaining 16 days of his sentence, Chandler filed a petition for "post-conviction relief under 13 V.S.A. § 7131 and [for] extraordinary relief, alleging ineffective assistance of counsel during the trial." *In re Chandler*, 2013 VT 10, ¶ 3. On March 16, 2011, while the petition was pending, Chandler reported to jail to serve the remainder of his sentence. *Id.* The Vermont Superior Court did not rule on Chandler's petition for post-conviction relief until February 9, 2012—nearly a year after Chandler had completed his sentence. *Id.* ¶¶ 4–5. The Superior Court dismissed the petition,

3

holding that it lacked jurisdiction "because [Chandler's] sentence had expired" and Chandler had not alleged "significant collateral consequence[s] as a result of the challenged conviction." *Id.* ¶ 5. The Vermont Supreme Court then reversed the Superior Court's dismissal, holding that, "when a petitioner moves under § 7131 to challenge a conviction *while still in custody for that challenged conviction*, the trial court possesses jurisdiction to hear the claim and the expiration of the custodial term will not render the cause moot." *Id.* ¶ 6.

On remand, the Superior Court dismissed Chandler's petition for post-conviction relief and granted the State's motion for summary judgment, finding that expert testimony was needed "not only to address whether the actions of [Chandler's] trial counsel fell below an objective standard of professional norms but also whether, assuming a deficient performance, the outcome of the trial would have been different with competent representation." *Chandler v. State*, No. 2014-375, 2015 WL 2383669, at *2 (Vt. May 2015). Chandler subsequently appealed that decision to the Vermont Supreme Court, which affirmed the dismissal of the petition on May 14, 2015, finding that Chandler "fail[ed] to explain why expert testimony was not necessary for the court" to determine that: (a) trial counsel's representation of Chandler "fell below the standards for competent counsel under the prevailing norms and the circumstances of th[e] . . . case," and (b) "the outcome of his trial probably would have been different if trial counsel had done what [Chandler] claims he should have done." *Id.* at *4.

On May 27, 2015, Chandler filed a second petition for post-conviction relief,[2] but the Superior Court declined to consider it pursuant to 13 V.S.A. § 7134.[3] (*See* Doc. 1-5, *Chandler v. State of Vermont*, No. 220-5-15, slip op. at 2 (Super. Ct. Sept. 30, 2015)). On appeal, the Vermont Supreme Court affirmed the dismissal. *Chandler v. State*, No. 15-386, 2016 WL 3031696, at *1 (Vt. May 27, 2016).

Having exhausted all state court avenues of relief, Chandler filed the pending Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus on July 13, 2016. (Doc. 1.) In response Respondents filed a Motion to Dismiss for Lack of Jurisdiction on August 10, 2016. (Doc. 5.) Respondents assert that this Court lacks jurisdiction to hear Chandler's Petition, as Chandler is not in custody pursuant to the judgment of a state court. (*Id.* at 1, 9.) A hearing was held on the Motion to Dismiss on November 1, 2016.

## Discussion

### I. Standards Governing Custody Under 28 U.S.C. § 2254

"[A] person in custody pursuant to the judgment of a State court" may seek vacatur of the state-imposed conviction and sentence by applying for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(a). A prerequisite to invoking the habeas jurisdiction of the federal courts is that the petitioner must be "in custody." *Ogunwomoju v. United States*, 512 F.3d 69, 73 (2d Cir. 2008); *see also United States ex rel. Dessus v.*

---

[2] Although Chandler filed this second petition as a motion under V.R.C.P. 75 and V.R.A.P. 21, the Superior Court (and subsequently the Vermont Supreme Court) construed it as a second petition for post-conviction relief under 13 V.S.A. § 7131. Without independently considering Chandler's May 27, 2015 filing, the Court accepts the Vermont courts' interpretation of it.

[3] This provision states that "[t]he court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 13 V.S.A. § 7134.

5

*Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971) ("[C]ustody is the passport to federal habeas corpus jurisdiction."). The "in custody" requirement is "[t]he first showing a § 2254 petitioner must make."[4] *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

The United States Supreme Court has broadly interpreted what constitutes being "in custody" for the purpose of establishing habeas jurisdiction. *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968); *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Physical confinement is not a prerequisite. *Maleng*, 490 U.S. at 491. For example, "[p]ost-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be 'custody.'" *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (citing *Peck v. United States*, 73 F.3d 1220, 1224 n.5 (2d Cir. 1995)); *see also Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) ("[A] petitioner under supervised release may be considered 'in custody.'"). Additionally, a federal district court does not lose jurisdiction when a petitioner is released from custody, if the filing of the habeas petition occurred while the petitioner was in custody. *Carafas*, 391 U.S. at 238 ("[W]e conclude that under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application.").

---

[4] Habeas petitioners like Chandler bear the burden of demonstrating their entitlement to relief under § 2254. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (stating claimant has burden to prove claim by preponderance of evidence); *Napoli v. United States*, 45 F.3d 680, 683 (2d Cir. 1995) (noting "usual burden" on petitioners).

Habeas jurisdiction ends for federal courts, however, once the petitioner's sentence has fully expired, i.e., "whe[n] a habeas petitioner suffers no present restraint from conviction." *Maleng*, 490 U.S. at 492. Furthermore, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id.*; *see also Ogunwomoju*, 512 F.3d at 75 (holding that a person "held in immigration detention [following release from a state sentence for a drug conviction] is not 'in custody' for the purpose of challenging a state conviction under § 2254").

## II. Whether Chandler Is "in Custody"

In his Petition, Chandler contends that he has satisfied the "in custody" requirement of § 2254 for one of three reasons. (*See* Doc. 1-1 at 18–31.) First, he argues that the current Petition relates back to the date of the filing of his initial Vermont post-conviction relief petition. (*Id.* at 18.) Second, he argues that the "[s]ignificant [r]estraints" imposed on him as a consequence of his conviction infringe on his liberty to such an extent that he is still in custody. (*Id.* at 19.) Third, he seeks to avail himself of a limited exception to the custody requirement, asserting that the state court has refused to rule on his constitutional claim without justification. (*Id.* at 29–30.) Each of these arguments lacks merit, as discussed below.

### A. Whether Chandler's Federal Habeas Petition Relates Back to His Initial Vermont Post-conviction Relief Petition

Chandler argues that he satisfies the "in custody" jurisdictional requirement of § 2254 because his pending federal Petition "should be considered filed at the time [his

7

state petition] was filed." (Doc 1-1 at 19.) This claim, lacking citation to any law or authority, is meritless. In determining whether a habeas petitioner is "in custody" for purposes of § 2254, courts look to the petitioner's status "when the application for habeas corpus is filed." *Carafas*, 391 U.S. at 238; *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Aponte v. Brown*, No. 09–CV–4334 (CBA), 2011 WL 797406, at *2 (E.D.N.Y. Feb. 28, 2011); *see also Ramirez v. Immigration & Naturalization Serv.*, 86 F. Supp. 2d 301, 302–03 (S.D.N.Y. 2000) ("All of the federal habeas corpus statutes—28 U.S.C. §§ 2241, 2254, 2255—require the petitioner to be 'in custody' when the habeas petition is filed."); *Concepcion v. United States*, 568 F. Supp. 766, 770 (S.D.N.Y. 1982) (rejecting a § 2255 claim because "Petitioner did not file his petition while he was incarcerated pursuant to the conviction under attack . . . nor was petitioner serving a consecutive or successive sentence") (citation omitted). In *Maleng*, the Supreme Court reiterated that the habeas petitioner must be "in custody" at the time the petition is filed. 490 U.S. at 491. The Court explained: "We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* Chandler cites no authority to the contrary.

At oral argument, Chandler's attorney contended that Chandler's Petition satisfied the jurisdictional "in custody" requirement, asserting that the § 2254 Petition related back to the filing of his state petition for post-conviction relief, relying on *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). But *Lackawanna County* does not support that proposition. In *Lackawanna County*, the defendant attempted to

8

challenge the constitutionality of his 1986 conviction, which he believed had been used to enhance the sentence he was currently serving for a separate 1990 conviction. *Id.* at 398–99. The Court found that the defendant's § 2254 petition "c[ould] be (and ha[d] been) construed as asserting a challenge to the 1990 sentence he [wa]s currently serving, as enhanced by the allegedly invalid 1986 convictions." *Id.* at 395 (citing *Maleng*, 490 U.S. at 493). The defendant was held to have satisfied § 2254's "in custody" requirement because the defendant was in prison at the time he filed his § 2254 petition, and because the challenge the defendant brought in the petition related directly to his current sentence. *Id.* Chandler, on the other hand, was neither in prison nor on probation or parole when he filed the pending Petition; and his sentence was not enhanced by a prior conviction. The holding in *Lackawanna County* therefore does not apply, and Chandler has failed to show that he satisfies the jurisdictional "in custody" requirement by relating his Petition back to his state petition for post-conviction relief.

     **B.**    **Whether the Nonconfinement Restraints on Chandler's Liberty Render Him in Custody**

Chandler next argues that the restrictions he has faced as a result of his conviction are equivalent to being in custody. The Second Circuit "recognize[s] that a variety of nonconfinement restraints on liberty satisfy the custodial requirement." *Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016). When determining whether nonconfinement restraints on liberty are sufficient to render a person "in custody," courts consider the following factors: (1) whether the restraints are "shared by the public generally," *id.* at 217 (citation omitted); (2) whether the petitioner's "physical presence"

9

is required "at particular times and locations," *id.*; and (3) whether noncompliance with the restraints carries with it "the potential for future adverse consequences . . . , including arrest . . . and modification or revocation of [a] conditional discharge," *id.* Courts also consider "the severity of an actual or potential restraint on liberty." *Id.* at 216 (internal quotations omitted) (quoting *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir. 1996)). The focus of the analysis should be on the "nature, rather than the duration, of the restraint." *Id.*

Chandler claims the following nonconfinement restraints on his liberty satisfy the custodial requirement: the potential loss of his master electrician's license in multiple jurisdictions; the loss of his ability to bid on certain federal and state government jobs; the loss of his ability to visit family members in Canada, because Canada has barred his entrance as a result of his conviction; the loss of his ability to hunt, because he cannot own a firearm; and the loss of his ability to incorporate a business, because he cannot become a corporate officer. (Doc. 1-1 at 22.) Chandler states that these nonconfinement restraints, taken together, "can be seen as serious enough to satisfy the restraint on liberty necessary to invoke the [w]rit [of habeas corpus]." (*Id.* at 22–23.)

But these restraints, as alleged in Chandler's Petition, are either vague or conclusory in nature; and a habeas petitioner cannot prove negative collateral consequences through mere "speculation." *Spencer*, 523 U.S. at 16. Instead, the petitioner must point to an actual injury—that is, a "concrete and continuing injury other than the now-ended incarceration or parole." *Id*. at 7. Chandler's *potential* loss of his master electrician's license and his loss of *potential* federal and state government jobs do

10

not meet this requirement.  At oral argument, Chandler's attorney stated that Chandler had neither lost his electrician's license in Vermont—or any of the three other states where he is licensed—nor had Chandler been precluded from bidding on any federal or state government jobs, because of his state conviction.  In fact, no jurisdiction has commenced revocation of his professional license.  Even if these events were to occur Chandler would still not satisfy the "in custody" requirement, because the Second Circuit has held that restraints on professional licenses do not "so greatly limit[ a petitioner's] economic mobility as to constitute 'custody'" for habeas purposes.  *Ginsberg v. Abrams*, 702 F.2d 48, 49 (2d Cir. 1983) (petitioner's removal from bench and revocation of his law license, real estate broker's license, and insurance agent's license did not render him in custody); *Davis v. Nassau Cty.*, 524 F. Supp. 2d 182, 187 (E.D.N.Y. 2007) ("inability to obtain a license to engage in a particular profession" does not render a petitioner in custody).

Regarding Chandler's claim that he is "in custody" because he is prohibited from traveling to Canada to visit family members, this is a restriction that the Court is "powerless to redress," given that it was imposed by Canada, a "nonparty sovereign authority."  *In re Petitioners Seeking Habeas Corpus Relief in Relation to Prior Detentions at Guantanamo Bay*, 700 F. Supp. 2d 119, 132, 133 (D.D.C. 2010).  One district court explained: "Collateral consequences of prior detention are not redressable if the injuries are 'totally dependent upon the actions of a nonparty sovereign authority beyond the control of this Court.'"  *Id.* at 132 (quoting *Al Joudi v. Bush*, Civil Action No. 05-CV-0301 (GK), 2008 WL 821884, at *1 (D.D.C. Mar. 26, 2008)).

11

Chandler's prohibition from owning a firearm[5] is also insufficient to render him "in custody." *See Davis*, 524 F. Supp. 2d at 187 ("Examples of 'collateral consequences' that do not render a petitioner in custody include the inability to . . . own or possess firearms.") (quoting *People ex rel. Sherman v. People of State of Ill.*, No. 03 C 0385, 2006 WL 200189, at *1 (N.D. Ill. Jan. 19, 2006)). Regarding Chandler's assertion that he is "in custody" because of his inability to incorporate a business or hold a corporate officer position, he does not identify what, if any, jurisdiction has prohibited him from doing so. And the Court is unaware of any Vermont statute prohibiting a previously convicted felon such as Chandler from serving as a corporate officer. *See, e.g.*, Vt. Stat. Ann. tit. 11, § 42 (2016); Vt. Stat. Ann. tit. 11A, §§ 1.01–21.14 (2016). Moreover, Chandler has not alleged that he has attempted to incorporate an entity or serve as an officer.

Chandler's alleged "restraints," to the extent they exist, do not require Chandler to be physically present at any particular time and place. Further, Chandler's failure to comply with any of these restraints would not result in his incarceration without a trial and conviction. Even though the restraints that Chandler alleges he faces are not imposed on general members of the public, they are still insufficient to render him "in custody," because the restraints implicate only Chandler's property interests, not his liberty. *Nowakowski*, 835 F.3d at 218. Restrictions on one's property alone are insufficient to

---

[5] Chandler is prohibited from possessing a firearm, because 18 U.S.C. § 922(g)(1) prohibits a person convicted of a "crime punishable by imprisonment for a term exceeding one year" from possessing a firearm, and Chandler was convicted of violating 13 V.S.A. § 3001, a crime punishable by imprisonment for up to three years.

12

render a person "in custody" for habeas purposes. *Id.* Therefore, Chandler has failed to demonstrate that he was "in custody" for habeas purposes, and the Court lacks jurisdiction to consider his Petition.

### C. Whether Chandler Meets an Exception to the "in Custody" Jurisdictional Requirement

In his third and final argument, Chandler asserts that he meets another exception to the "in custody" requirement. (*See* Doc. 1-1 at 29.) Indeed, the Ninth Circuit has found that an exception to the custody requirement exists where: (1) there has been a complete failure of counsel amounting to a violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963); or (2) no channel of review was available to the petitioner. *Resendiz v. Kovensky*, 416 F.3d 952, 959 (9th Cir. 2005), *abrogated on other grounds by Chaidez v. United States*, 133 S. Ct. 1103 (2013). Conceding that the *Gideon* exception does not apply here (*see* Doc. 1-1 at 29), Chandler seeks application of the "no channel of review" exception.

Chandler cites *Resendiz* and *Lackawanna County* for the proposition that the "no channel of review" exception may apply "'where "a state court . . .[,] without justification, refuse[s] to rule on a constitutional claim that has been presented to it," or whe[re] a defendant "obtain[s] compelling evidence that he is actually innocent."'" (*Id.* at 29–30 (quoting *Resendiz*, 416 F.3d at 959 (second and fourth alterations added) (quoting *Lackawanna County*, 532 U.S. at 405)).) Chandler does not allege that he has uncovered evidence proving he is innocent. Rather, he asserts that the Vermont courts have refused to rule on his ineffective assistance of counsel claim. This assertion fails both factually and legally. First, the Vermont Supreme Court has in fact ruled on the

13

merits of Chandler's ineffective assistance of counsel claim. *See Chandler*, 2015 WL 2383669, at *4. Second, both the Ninth Circuit in *Resendiz* and Chandler here, adopt an overly broad interpretation of the Court's limited holding in *Lackawanna County*. *Lackawanna County* did not create two general exceptions to the "in custody" requirement. As stated above, the defendant in *Lackawanna County* filed a § 2254 petition to challenge the constitutionality of a 1986 conviction that he believed was used to enhance his current sentence for a separate 1990 conviction. *Lackawanna County*, 532 U.S. at 398–99. The defendant was deemed "in custody," because his challenge to his 1986 conviction could affect his current sentence. *Id.* at 401–02. In stark contrast, Chandler is not challenging the validity of a prior conviction that was used to enhance his current sentence, as there is neither a prior conviction nor a current sentence that Chandler is serving. Chandler's reliance on *Lackawanna County* is thus unavailing.

Furthermore, in *Lackawanna County*, the Court stated: "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id.* at 403. Likewise, this Court has held: "When an issue has been decided by the state's highest court, a federal court's power of review under 28 U.S.C. § 2254 is limited." *Gero v. Pallito*, Civil Action No. 2:09-CV-103, 2010 WL 2756974, at *5 (D. Vt. June 16, 2010) (citing *Wilson v. Mazzuca*, 570 F.3d 490, 499 (2d Cir. 2009) (citing "deferential standard of review")) *report and recommendation adopted*, 2010 WL 2756968 (D. Vt. July 12, 2010). In the Second Circuit, "a state court 'adjudicate[s]' a state prisoner's federal claim

14

on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (alteration in original) (quoting 28 U.S.C. § 2254(d)). A habeas court may only review a state claim "that was adjudicated on the merits in State court proceedings . . ." when the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Vermont Supreme Court clearly adjudicated Chandler's claim on the merits when it affirmed the Superior Court's grant of the State's motion for summary judgment. *See Chandler*, 2015 WL 2383669, at *1. Citing the two-prong ineffective assistance of counsel test first developed in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and firmly established in Vermont jurisprudence, *see In re Grega*, 2003 VT 77, ¶ 7, 175 Vt. 631, 833 A.2d 872, the Court held that Chandler failed to establish either prong of the test. *Chandler*, 2015 WL 2383669, at *4. Under *Strickland*, to establish ineffective assistance of counsel, the defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The Vermont Supreme Court held that Chandler failed to explain how any of the actions or inactions of his trial counsel "fell below the standards for competent counsel under the prevailing norms and the circumstances of []his particular case."

*Chandler*, 2015 WL 2383669, at *4.  Furthermore, the Court held that Chandler did not "even attempt to explain how the outcome of his trial probably would have been different if trial counsel had done what [Chandler] claims he should have done."  *Id.*  The Court, therefore, concluded that Chandler was unable to satisfy either prong of the *Strickland* test, and affirmed the Superior Court's grant of the State's motion for summary judgment.  *Id.*

Having established that Chandler's claim was adjudicated on the merits by the Vermont Supreme Court, this Court may review Chandler's claim only if Chandler can show that the Vermont Supreme Court's decision fell into one of the two § 2254(d) exceptions discussed above.  Turning to the first exception, *see* 28 U.S.C. § 2254(d)(1), it has long been held in the Second Circuit "that the rule set forth in *Strickland* . . . qualifies as clearly established law, as determined by the Supreme Court of the United States."  *Sellan*, 261 F.3d at 309 (quoting *Williams v. Taylor*, 529 U.S. 362, 391 (2000)).  Therefore, Chandler must show that the Vermont Supreme Court unreasonably applied the two-prong *Strickland* test to permit this Court to grant relief under the first exception.  To show the "unreasonable application" of "clearly established federal law," Chandler "must identify some increment of incorrectness beyond error in order to obtain habeas relief."  *Gero*, 2010 WL 2756974, at *5 (quoting *Lynn v. Bliden*, 443 F.3d 238, 246 (2d Cir. 2006)).  It is not enough for Chandler to show "that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather the application must also be unreasonable."  *Lurie v. Wittner*, 228 F.3d 113, 127 (2d Cir. 2000) (quoting

*Williams*, 529 U.S. at 365); *see Sellan*, 261 F.3d at 314 ("Under § 2254(d)(1), we must determine not whether the state court was incorrect or erroneous in rejecting [the defendant's] ineffective assistance claim, but whether it was 'objectively unreasonable' in doing so.").

Chandler alleged that the following conduct of his trial attorney amounted to ineffective assistance of counsel:

> (1) [counsel] left a voicemail message on petitioner's telephone shortly before the trial demonstrating his bias toward petitioner; (2) [counsel] failed to object to the State's clearly defective information; (3) [counsel] failed to obtain from his predecessor counsel exculpatory evidence that would have bolstered petitioner's defense had the evidence been admitted at trial; (4) [counsel] failed to object to a jury instruction that substituted "public officers" for "civil officers"; and (5) [counsel] failed to object to the prosecutor's statement during closing argument that petitioner had lied at trial.

*Chandler*, 2015 WL 2383669, at *1. The Vermont Supreme Court analyzed each of these contentions, assessing the strength of Chandler's evidence as to each and looking at whether Chandler had met his burden of showing that his trial attorney's performance was objectionably unreasonable. *Id.* at *2–4. The Court then concluded, based on its review of the record, that Chandler had presented insufficient evidence to support his ineffective assistance claim, both because he had not presented sufficient evidence to show his trial attorney's performance had been objectionably unreasonable and because he had failed to show how he had been prejudiced by his attorney's conduct. *Id.* This application of the two-prong *Strickland* test was reasonable. Therefore, the Vermont Supreme Court's decision should not be disturbed under § 2254(d)(1).

The second § 2254(d) exception states that a federal court may review a state claim previously adjudicated on the merits if the state decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citing *Williams*, 529 U.S. at 411). At oral argument, Chandler's counsel argued that Chandler's trial attorney's conduct clearly constituted ineffective assistance because it was so egregious. Focusing on an expletive-filled voicemail that Chandler's trial attorney left for Chandler prior to trial for the purpose of demanding compensation for legal services, Chandler's attorney argued that the voicemail constituted prejudice per se against Chandler. Despite finding Chandler's trial attorney's behavior "outrageous," both the Vermont Superior Court and the Supreme Court held that Chandler failed to show how this resulted in "his trial counsel's performance at trial [falling] below the standard of prevailing norms and that there [wa]s a reasonable probability that, but for his counsel's deficient performance, the outcome of his trial would have been different." *Chandler*, 2015 WL 2383669, at *2. Chandler has failed to show that this determination was unreasonable, and thus he has failed to satisfy the second § 2254(d) exception.

## Conclusion

Based on the foregoing, I recommend that the Court GRANT Respondents' Motion to Dismiss for Lack of Jurisdiction (Doc. 5) and DENY Chandler's Petition for Writ of Habeas Corpus (Doc. 1).

I further recommend that the Court refrain from issuing a certificate of appealability. In a § 2254 proceeding, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a certificate will not issue unless reasonable jurists could debate whether the petition should have been resolved in a different manner, or the issues are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I am unable to find that reasonable jurists could debate whether Chandler's Petition should have been resolved in a different manner, and find no reason to encourage further proceedings in this matter, especially given the extensive review this case has received in both state and federal court.

Dated at Burlington, in the District of Vermont, this 8th of December, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).