U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 MAR 21 AM 9:08

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| CHARLES CHANDLER, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 5:16-cv-199 |
| STATE OF VERMONT and THOMAS J. DONOVAN, JR.,[1] | ) |
|     Defendants. | ) |

**OPINION AND ORDER**
**(Docs. 1, 5, 9)**

Petitioner Charles Chandler has filed a petition under 28 U.S.C. § 2254, seeking to vacate his 2009 conviction for impeding a public officer, a felony, in violation of 13 V.S.A. § 3001. (Doc. 1.) The Magistrate Judge filed a Report and Recommendation (R&R) on December 8, 2016 (Doc. 9), recommending that the court grant the Motion to Dismiss for Lack of Jurisdiction (Doc. 5) filed by Respondents. Mr. Chandler has filed an objection to the R&R (Doc. 10) that incorporates his July 13, 2016 Memorandum in Support of his § 2254 petition (Doc. 1-1).

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district judge is not required to review the factual or legal conclusions of the

---

[1] The original petition named the State of Vermont and then-Attorney General William Sorrell as respondents. Assuming that Mr. Chandler is or may be in custody (the very issue to be determined here), the current Vermont Attorney General is a proper respondent. *See* Rules Governing § 2254 Cases, Rule 2(a), (b). The court has amended the caption to reflect Vermont's current Attorney General, Thomas J. Donovan, Jr., who succeeded William Sorrell in January 2017. *See* Fed. R. Civ. P. 25(d).

magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his nineteen page R&R, the Magistrate Judge carefully analyzed whether Mr. Chandler satisfies § 2254's "in custody" requirement. (*See* Doc. 9.) Mr. Chandler asserted that he satisfied the "custody" requirement for three reasons: (1) the current petition relates back to the date of the filing of his initial Vermont petition for post-conviction relief; (2) his non-confinement restraints are sufficient to render him "in custody"; and (3) he meets an exception to the "in custody" requirement under *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). The Magistrate Judge concluded that each of those arguments lacks merit. (Doc. 9 at 7.) Mr. Chandler objects to the R&R, asserting primarily that he qualifies for an exception established by the *Lackawanna* decision. (*See* Doc. 10 at 3; Doc. 1-1 at 29–31.)

## Background

The court relies upon the facts as set forth in the R&R, none of which are challenged in Mr. Chandler's objection.

### I. Conviction and Sentence

Mr. Chandler was arrested on March 30, 2006, and charged in Vermont Superior Court, Windham Criminal Division, with impeding a public officer, in violation of 13 V.S.A. § 3001. The Vermont Supreme Court later described the offense conduct as follows:

> On March 30, 2006, a member of the Newbrook Fire Department, a volunteer member-owned fire department that covers the Town of Newfane, became aware of a reported brush fire on defendant's property. After consulting the fire warden, three members of the Department went to defendant's property to investigate. Upon their arrival, they decided to extinguish the fire because no permit had been given for a brush fire, and they believed the fire posed a potential hazard. A confrontation ensued between the firefighters and defendant and his brother, culminating in defendant grabbing one of the firefighters by the arm and walking him off his property. The firefighters waited across the street for the fire chief. When he arrived, the chief decided that the fire needed to be extinguished. He

>called the district fire warden to determine whether they should pursue the matter or leave. The fire warden arrived at the scene and tried to explain to defendant that the fire had to be extinguished. Defendant resisted, however, claiming that it was a campfire, not a brush fire. Eventually, a deputy sheriff arrived and cited defendant for impeding an officer.

*State v. Chandler*, No. 2010-135, 2011 WL 4974829, at *1 (Vt. Jan. 27, 2011) (unpublished mem.). After a three-day jury trial in November 2009, Mr. Chandler was convicted of the charged offense. *See In re Chandler*, 2013 VT 10, ¶ 2, 193 Vt. 246, 67 A.3d 261. On March 30, 2010, the trial court sentenced Mr. Chandler to serve 29 to 30 days in jail. *Id.* The Vermont Supreme Court affirmed on direct appeal. *State v. Chandler*, 2011 WL 4974829, at *1.

## II.     Post-Conviction Proceedings

The R&R recounts the numerous post-conviction proceedings that followed the jury's verdict, including Mr. Chandler's petition for post-conviction relief (PCR) under 13 V.S.A. § 7131. (Doc. 9 at 3–5.) The Vermont Supreme Court summarized those post-conviction proceedings in a May 27, 2016 decision:

>In March 2011, plaintiff filed a PCR petition seeking relief from his 2009 conviction on ineffective-assistance-of-counsel grounds. Specifically, plaintiff alleged that his trial counsel failed to effectively represent him in the criminal case because of a fee dispute and made prejudicial omissions or errors, including failing to object to the State's information, the jury instructions, and the prosecution's closing statement and declined to present exculpatory evidence. As a result, plaintiff alleged that his conviction was unlawfully obtained. The trial court initially dismissed plaintiff's petition on the ground that it was moot because he was no longer in custody under sentence. We reversed that decision, holding that the case was not moot, and remanded for consideration of the merits. *In re Chandler,* 2013 VT 10, ¶ 24, 193 Vt. 246, 67 A.3d 261.
>
>On remand, following oral argument, the trial court granted the State's motion for summary judgment, concluding that expert testimony—which plaintiff failed to provide—was necessary to support all but one of his claims of ineffective assistance of counsel and that plaintiff could not show that the remaining claim—based on bias of counsel—affected the outcome of his trial. We affirmed this decision. *Chandler v. State*, No. 2014-375, 2015 WL 2383669 (Vt. May 14, 2015) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx.

*Chandler v. State*, 2016 VT 62, ¶¶ 2–3, 148 A.3d 574.

In its May 14, 2015 decision affirming the grant of summary judgment, the Vermont Supreme Court noted that "[o]nly in rare circumstances will ineffective assistance of counsel be presumed without expert testimony," *Chandler*, 2015 WL 2383669, at *2 (quoting *In re Grega*, 2003 VT 77, ¶ 16, 175 Vt. 631, 833 A.2d 872 (mem.)), and that "[e]xpert testimony is required except in instances '[w]here a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it,'" *id.* (quoting *Estate of Fleming v. Nicholson*, 168 Vt. 495, 497–98 (1998)). The Supreme Court rejected Mr. Chandler's arguments that he did not need expert testimony, discussing his claims that a voicemail left by his attorney demonstrated bias; that his claim of ineffectiveness was supported by criticisms leveled against his attorney by the prosecutor and the trial judge; and four other instances of alleged deficient performance. *Id.* at *2–3. The Supreme Court concluded as follows:

> Petitioner does not explain how any of these actions or inactions on the part of his trial counsel fell below the standards for competent counsel under the prevailing norms and the circumstances of this particular case. Nor does he even attempt to explain how the outcome of his trial probably would have been different if trial counsel had done what petitioner claims he should have done. *Most importantly for purposes of this appeal, petitioner fails to explain why expert testimony was not necessary for the court to answer these questions.*

*Id.* at *4 (emphasis added).

After the Vermont Supreme Court affirmed the trial court's grant of summary judgment, Mr. Chandler filed a "Petition for Extraordinary Relief" on May 27, 2015. *Chandler*, 2016 VT 62, ¶ 4. The State moved to dismiss, arguing that Mr. Chandler's petition was a successive PCR that was barred by 13 V.S.A. § 7134. *Id.* The trial court granted the State's motion, and Mr. Chandler appealed. *Id.* On May 27, 2016, the Vermont Supreme Court affirmed, concurring that Mr. Chandler's "Petition for Extraordinary Relief" was "effectively a PCR petition and was properly dismissed by the trial court." *Id.* ¶ 9.

4

The Supreme Court also rejected Mr. Chandler's argument that the summary judgment decision was not a decision on the merits. The Court cited *Mitchell v. NBC*, 553 F.2d 265, 271 (2d Cir. 1977), for the proposition that summary judgment is a final decision on the merits. *Id.* ¶ 14. The Court reasoned that Mr. Chandler "had the evidentiary burden in the PCR proceeding to prove that his lawyer's representation provided ineffective assistance under the constitutional standard" and that he had "failed to show that he had the evidence that could meet his burden of proof." *Id.*

Mr. Chandler filed his petition under 28 U.S.C. § 2254 on July 13, 2016. (Doc. 1.) He was not in prison or on probation or parole when he filed the petition.

## Analysis

"In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (quoting 28 U.S.C. § 2254(a)). Mr. Chandler does not dispute that, when he filed his § 2254 petition on July 13, 2016, he had already completed service of his 29–30 day jail sentence for the conviction that he was challenging. He concedes that it is difficult to satisfy the "in custody" requirement once the original sentence has expired (Doc. 1-1 at 22), but argues that the circumstances of his case meet that requirement and also satisfy what he says is an exception articulated in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001). In particular, according to Mr. Chandler, the "heart" of his objection to the R&R relates to what he asserts is an exception in *Lackawanna* for situations in which a state court "without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it." *Lackawanna*, 532 U.S. at 405.

The R&R rejected Mr. Chandler's *Lackawanna* argument, reasoning that: (1) the Vermont Supreme Court *did* rule on the merits of his ineffective-assistance claim; (2) the holding in *Lackawanna* is narrower than the interpretation that Mr. Chandler advances; and (3) the Vermont Supreme Court's ruling on the merits should stand in light of the deferential standard articulated in 28 U.S.C. § 2254(d). (*See* Doc. 9 at 13–18.) Mr. Chandler challenges the R&R, asserting that the Vermont Supreme Court's analysis of his ineffective-assistance claim is undermined because that analysis was based on an inadequate record. (Doc. 10 at 3.) The record was inadequate, he says, because he was "illegally prevented from establishing in an evidentiary hearing his bases for ineffective assistance of counsel." (*Id.*) He argues that "the Superior Court dismissed his Petition by making a clearly incorrect application of Federal Law in requiring expert testimony to establish sub-par representation as well as prejudice." (*Id.*; *see also* Doc. 1-1 at 1–2 ("Simply stated, there is no requirement in Federal Law for expert testimony to establish ineffective assistance of counsel.").) Mr. Chandler's position is that the Vermont PCR proceedings—insofar as they required him to produce an expert to establish his ineffective-assistance claim—violated concepts of fundamental fairness and due process. (*See* Doc. 1-1 at 3–4.)

The court turns first to the requirement of custody. In Mr. Chandler's view, the evidentiary requirement that he present expert testimony in the state court PCR trial represents a structural error in the Vermont procedure which brings his case within the group of exceptional cases recognized in *Lackawanna* in which petitioners may seek § 2254 relief despite the expiration of the original sentence. (*See* Doc. 10 at 4–5 ("Therefore it can be seen that the Vermont Courts fully abrogated their responsibility to deal with these issues under federal law and therefore the exception under Lackawanna, supra, is applicable relating to jurisdiction.").)

The argument fails because, as the R&R reasons (*see* Doc. 9 at 9, 14), the *Lackawanna* decision does not acknowledge or create an exception to the custody requirement at all. In *Lackawanna*, the petitioner, Edward R. Coss, Jr., had served the full sentences for certain 1986 convictions, but remained in custody serving a 6–12 year sentence on a 1990 conviction. He filed a § 2254 petition challenging the constitutionality of his 1986 conviction, arguing that he met the custody requirement because his current sentence for the 1990 conviction was enhanced by the 1986 convictions.

The Supreme Court began its analysis with § 2254's custody requirement. *Lackawanna*, 532 U.S. at 401. The Court noted that Coss was no longer serving the sentences imposed for his 1986 convictions, and therefore could not bring a federal habeas petition directed solely at those convictions. But since Coss was serving the sentence for his 1990 conviction—and since he was asserting a challenge to his 1990 sentence as enhanced by the allegedly invalid prior 1986 conviction—the Supreme Court held that Coss satisfied the custody requirement. *Id.*

The more difficult hurdle for Coss was not the custody requirement, but was instead the general rule that, if a state conviction is no longer open to direct or collateral attack, and that conviction is later used to enhance a criminal sentence, "the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403–04. Coss sought an exception to that rule. The Supreme Court recognized an exception "[w]hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior

conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404.[2]

Mr. Chandler concedes that his petition does not fit within that exception. (Doc. 1-1 at 29.) Instead, he asserts that his case fits a "second" exception articulated in *Lackawanna*. Three justices in *Lackawanna* entertained the possibility of further exceptions in certain cases. *Lackawanna*, 532 U.S. at 405–06 (opinion of O'Connor, J., joined by Rehnquist, C.J. and Kennedy, J.) (citing *Daniels v. United States*, 532 U.S. 374, 383–84 (2001)); *Daniels*, 532 U.S. at 383 (opinion of O'Connor, J., joined by Rehnquist, C.J., and Kennedy and Thomas, JJ.) ("We recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."). But those three justices concluded that the circumstances of the case did not require resolution of that issue. *Lackawanna*, 532 U.S. at 405–06. Thus, a majority of justices has not recognized any additional exception, and the three justices who considered the possibility did not actually decide the issue. And, most importantly, even assuming that there are additional exceptions, those, too, are limited only to habeas petitions directed at *enhanced* sentences; the petitioner still must be in custody on the enhanced sentence in order to qualify for an exception. *See id.* at 406 ("In such situations, a habeas petition *directed at the enhanced sentence* may effectively be the first and only forum available for review of the prior conviction." (emphasis added)).

In short, *Lackawanna* does not eliminate the requirement that a § 2254 petitioner must be in custody when he files his petition. A former prisoner who is not in custody under any sentence cannot make use of § 2254 to challenge his conviction. This requirement is as old as the writ of habeas corpus itself and was not altered by *Lackawanna*. *See Hensley v. Mun. Court,*

---

[2] Notably, the exception required that the § 2254 petitioner be "otherwise qualified"—which would include satisfaction of the custody requirement.

*San Jose Milpitas Judicial Dist., Santa Clara Cty., Cal.*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."). The exceptions discussed in *Lackawanna* are not exceptions to the custody requirement, but are instead exceptions to the general rule that a petitioner cannot use § 2254 to challenge an enhanced sentence on the ground that the prior conviction was unconstitutionally obtained. *See id.* at 404.[3] Mr. Chandler's release from custody following the completion of his original sentence entirely disqualifies him from pursuing a § 2254 petition. Even if he had been convicted without counsel or could adduce compelling evidence of innocence, he would not meet the requirement of custody for purposes of § 2254.

Because Mr. Chandler fails to satisfy the statutory requirement of custody, there is no need to consider the merits of his claim that Vermont's requirement of proof of ineffective assistance of counsel through expert testimony violates the Due Process Clause. And because the court's analysis depends only on Mr. Chandler's failure to meet the custody requirement, the court does not consider the other bases for the Magistrate Judge's ruling on Mr. Chandler's *Lackawanna* argument.

Mr. Chandler's remaining objections depend upon his *Lackawanna* argument (*see* Doc. 10 at 1–2, 5), so those arguments necessarily also fail. For the reasons stated in the R&R (Doc. 9 at 9–13), the court rejects Mr. Chandler's argument (Doc. 10 at 2) that the infringements upon his liberty resulting from his felony conviction constitute "custody."

---

[3] The R&R therefore correctly declines to follow *Resendiz v. Kovensky*, 416 F.3d 952 (9th Cir. 2005), *abrogation on other grounds recognized by Chaidez v. United States*, 133 S. Ct. 1103 (2013). The Ninth Circuit in that case stated that the Supreme Court had identified "two possible exceptions to the 'in custody' requirement." *Resendiz*, 416 F.3d at 959. As discussed above, none of the exceptions discussed in *Lackawanna* are exceptions to the custody requirement.

## Conclusion

The court ADOPTS the Magistrate Judge's R&R (Doc. 9). The State's Motion to Dismiss (Doc. 5) is GRANTED and Mr. Chandler's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.

A certificate of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is DENIED because Mr. Chandler has failed to make a substantial showing of denial of a federal right, and because his grounds for relief do not present issues that are debatable among jurists of reason, which could have been resolved differently, or which deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Rutland, in the District of Vermont, this 21 day of March, 2017.

Geoffrey W. Crawford, Judge
United States District Court